J-A21045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT WALL | : | |
| | : | |
| Appellant | : | No. 2309 EDA 2017 |

Appeal from the Judgment of Sentence June 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003279-2013

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY McLAUGHLIN, J.:          **FILED AUGUST 15, 2018**

Robert Wall appeals from the judgment of sentence of one to three years of incarceration followed by four years of probation, imposed on June 19, 2017, following revocation of his probation. Wall challenges his revocation sentence only; he does not challenge the finding of a violation of probation.

Wall's revocation sentence was based in part on his conviction for failure to comply with registration requirements of the Pennsylvania Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41 (effective 12/20/2012). **See** Trial Court Opinion, filed Nov. 15, 2017, at 3. Wall appealed his revocation judgment of sentence to this Court on July 18, 2017. The very next day, the Pennsylvania Supreme Court issued its ruling in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding that retroactive application of SORNA's registration provisions violates the federal and state *ex post facto* clauses), *cert. denied*, 138 S. Ct. 925 (2018). The

Court of Common Pleas subsequently vacated the conviction for not complying with SORNA's registration requirements. *See Commonwealth v. Wall*, CP-51-CR-0011666-2016 (Pa. Com. Pl. Phila. Cty. May 23, 2018).

The revocation court asks us to remand for resentencing because Wall's now-vacated conviction for violating SORNA's registration requirements "factored into the arguments of counsel and the court's sentencing deliberations." Trial Court Opinion at 3. The Commonwealth agrees that we should vacate and remand for resentencing. We are likewise in accord, and we therefore vacate Wall's judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing; case stricken from the argument list; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/18